T.C. Memo. 2010-10

UNITED STATES TAX COURT

RONALD E. MUELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10223-08L.                    Filed January 14, 2010.

Ronald E. Mueller, pro se.

<u>Adam L. Flick</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On April 2, 2008, respondent mailed to
petitioner a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination) regarding petitioner's 2003 income tax liability.
In response to that notice, and pursuant to sections 6320 and

6330(d)[1], petitioner timely petitioned this Court for review of respondent's determination that a notice of Federal tax lien (NFTL) was an appropriate method of collection. At the time of filing the petition, petitioner resided in the State of Texas.

The issue for decision is whether respondent abused his discretion in upholding the filing of a NFTL.

## Background

Petitioner did not file a tax return for tax year 2003; thus, on March 28, 2005, respondent prepared a substitute for return for petitioner's 2003 taxable year under section 6020(b). On December 7, 2005, respondent mailed a notice of deficiency to petitioner, determining a deficiency of $44,847.12 and additions to tax of $10,090.60, $2,466.59, and $1,157.19 under sections 6651(a)(1) and (2) and 6654, respectively. Petitioner did not file a petition with this Court in response to the notice of deficiency for tax year 2003. On August 28, 2006, respondent assessed the deficiency and additions to tax, with interest, and issued petitioner a notice of balance due and demand for payment of his 2003 tax liabilities.

On April 27, 2007, respondent filed a notice of Federal tax lien against petitioner. On May 2, 2007, respondent mailed a Notice of Federal Tax Lien Filing and Your Right to a Hearing

---

[1]Section references are to the Internal Revenue Code of 1986, as amended.

Under IRC 6320 to petitioner.  On June 20, 2007, respondent received a timely filed Form 12153, Request for a Collection Due Process Hearing (CDP) from petitioner.  In the request, petitioner contested the underlying tax liability for 2003 by claiming that he was not required to file a tax return for that year or pay any amount in income tax, despite receiving several payments for services performed as the manufacturer of ceramic dental devices, because the payment of income tax and the reporting of income are voluntary.

On October 19, 2007, respondent's Appeals Office mailed petitioner a letter requesting that petitioner submit any information that he wanted considered at his CDP hearing to the Appeals Office by December 4, 2007.  The Appeals Office later extended this deadline to February 4, 2008, at petitioner's request.  The letter also explained what issues would be discussed at the meeting and what the Appeals Office would review in making the determination.  Because petitioner had not filed income tax returns for tax years 2000 through 2007, the letter also requested petitioner's unfiled income tax returns for those years.

Petitioner responded to the Appeals Office's correspondence on January 31, 2008, with a letter reiterating the grounds stated in the CDP hearing request for contesting the underlying liability for 2003.  In that letter petitioner also requested a

face-to-face CDP hearing, and submitted Internal Revenue Service (IRS) transcripts, instead of the requested unfiled income tax returns, for his 2000 through 2003 tax years, but not years 2004 through 2007. On March 4, 2008, the Appeals Office informed petitioner by letter that he would not be offered a face-to-face hearing because petitioner failed to provide requested documents and had failed to file any tax returns for 2000 through 2007. The letter informed petitioner that if petitioner did not submit the requested documents by March 18, 2008, the Appeals Office would make the determination based solely on the administrative record.

Petitioner did not provide any additional information, and on April 2, 2008, the Appeals Office mailed a notice of determination to petitioner explaining that because all the requirements of applicable law and administrative procedure were met, and because petitioner raised only frivolous arguments and failed to provide any of the information that the Appeals Office requested in order to consider any collection alternatives or other relevant issues, a lien was an appropriate method for collection.

## Discussion

Under section 6321, if a person liable for a tax fails to pay it after demand, the unpaid amount, including any interest and additions to tax, becomes a lien in favor of the United

States "upon all property and rights to property, whether real or personal, belonging to such person."  The lien arises when the tax is assessed.  Sec. 6322.  Section 6323 explains that the IRS may file a notice of Federal tax lien to protect its lien against subsequent creditors and purchasers of the taxpayer's property.

A taxpayer may appeal the filing of a notice of Federal tax lien to the IRS under section 6320 by requesting an administrative hearing.  The taxpayer is afforded the opportunity for judicial review of a determination sustaining the notice of Federal tax lien in the U.S. Tax Court pursuant to section 6330(d).  Petitioner has chosen to seek judicial review of respondent's determination.

Petitioner contests the underlying tax liability.  However, under section 6330(c)(2)(B), a taxpayer may challenge the existence or amount of the underlying tax liability only if he did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Respondent sent a notice of deficiency to petitioner for his 2003 tax year on December 7, 2005.  Petitioner does not deny receiving the notice of deficiency, and the Court finds that he did in fact receive it.  Therefore, petitioner is precluded from challenging the underlying liability for tax year 2003.

Petitioner being precluded from challenging the underlying liability, the Court reviews respondent's determination to see whether there has been an abuse of discretion. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 185 (2001) (citing <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001)). The Court has described the abuse of discretion standard as meaning "arbitrary, capricious, or without sound basis in fact or law." <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007) (citing <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999)). Utilizing this standard, this Court does not find that respondent's settlement officer abused his discretion. Respondent simply used the available methods under the Internal Revenue Code for protecting the United States' claims against subsequent creditors. Petitioner was uncooperative, had not filed any tax returns for tax years 2000 through 2007, and raised only frivolous arguments[2], such as income reporting and payment are voluntary, to contest the underlying tax liability.

_____

[2]Petitioner argues that he was not required to file a tax return for 2003 because he received no income, despite receiving payments from multiple sources for services performed. Petitioner also argues that the duty to file a tax return and pay taxes is voluntary. The requirement to file an income tax return and pay tax is clearly set forth in the Internal Revenue Code. These arguments are completely frivolous, and the Court will not waste any time addressing them further.

<u>Conclusion</u>

Based on the record, the Court holds that the Appeals Office did not abuse its discretion in determining that respondent's filing of a NFTL was an appropriate collection action.

Finally, in reaching the conclusions described herein, the Court has considered all arguments made, and, to the extent not mentioned above, finds them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.